UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-CR-00099-DKW-KJM |
|  | ) |  |
| Plaintiff, | ) | July 31, 2020 |
|  | ) | 9:35 a.m. |
| vs. | ) |  |
|  | ) |  |
| KAULANA FREITAS, | ) |  |
|  | ) | U.S. District Court |
| Defendant. | ) | 300 Ala Moana Boulevard |
|  | ) | Honolulu, HI 96850 |
| _____ | ) |  |


TRANSCRIPT OF TELEPHONIC DETENTION HEARING
BEFORE THE HONORABLE KENNETH J. MANSFIELD
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:           Micah W.J. Smith, Esq.
                             Michael David Nammar, Esq.
                             U.S. Attorney's Office
                             300 Ala Moana Boulevard, #6100
                             Honolulu, HI  96850


For the Defendant:           Donald L. Wilkerson, Esq.
                             P.O. Box 42
                             Laupahoehoe, HI  96764


Transcription Service:       Jessica B. Cahill, CER/CET-708
                             Maukele Transcribers, LLC
                             467 Maukele Place
                             Wailuku, Maui, HI  96793
                             Telephone: (808)244-0776


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1    JULY 31, 2020                                9:35 A.M.

2              THE CLERK:  United States District Court for the

3    District of Hawaii, with the Honorable Kenneth J. Mansfield,

4    United States Magistrate Judge presiding is now in session.

5              Criminal number 19-00099DKW, United States of America

6    v. Defendant (03) Kaulana Freitas.  This case is called for a

7    detention hearing.  Counsel, please make your appearances for the

8    record.

9              MR. SMITH:  Good morning, Your Honor.  Micah Smith and

10   Michael Nammar for the United States.  And also on the line, I

11   believe, are Pretrial Service Officers Eric Iverson and Diane

12   Arima-Linscott.

13             THE COURT:  Good morning.

14             MR. WILKERSON:  Good morning, Your Honor.  Don

15   Wilkerson appearing on behalf of Kaulana Freitas.  It's my

16   understanding, Your Honor, that Mr. Freitas is appearing by phone

17   from the Federal Detention Center in Honolulu.

18             THE COURT:  All right.  Good morning, Mr. Wilkerson.

19             Ms. Munatoa (phonetic), may we have Mr. Freitas,

20   please.

21             MS. MUNATOA:  Yes, Your Honor.  I'm handing the phone

22   to Kaulana Freitas.

23             THE DEFENDANT:  Good morning.

24             THE COURT:  Good morning, Mr. Freitas.

25             THE DEFENDANT:  This is Kaulana Freitas.

1          THE COURT:  Hi.  This is Judge Mansfield.  Your

2     attorney, Mr. Wilkerson is on the phone, as are members of the

3     U.S. Attorney's Office, and other members of the public.  There

4     are a number of hearings this morning.

5          We're here for your detention hearing, sir.  Do you

6     agree to proceed by telephone this morning?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Okay.  And, Mr. Wilkerson, before we

9     proceed, did you have some time this morning to review this with

10    Mr. Freitas?

11         MR. WILKERSON:  Yes, Your Honor.  I had 15 minutes this

12    morning to review it with Mr. Freitas, and I was also able to

13    review it with Mr. Freitas yesterday afternoon.

14         THE COURT:  Okay.

15         MR. WILKERSON:  Yesterday morning, excuse me.

16         THE COURT:  Thank you.  Okay.  And I have reviewed the

17    motion by the Government and the memorandum in support of that,

18    as well as the thorough report from Pretrial Services.  Mr. Smith

19    or Mr. Nammar, it's the Government's motion, so I'll hear from

20    you first.

21         MR. SMITH:  Thank you, Your Honor.  As the Court

22    indicated, we've submitted a written memorandum.  I'm not going

23    to rehash the arguments we've made there.  I did want to say a

24    couple of things about the Pretrial Services report.  It

25    recommends Mr. Freitas' release.  With all due respect, we

1 disagree.

2 But there are two things in particular that I just

3 wanted to flag. One is we are very concerned about Mr. Freitas'

4 father's firearms. And if I'm reading the report, the proposal

5 is -- if Mr. Freitas were to be released, the proposal would be

6 for those firearms to be secured with a cousin or something like

7 that. As I read the proposed conditions from Pretrial Services,

8 there doesn't seem to be an identification of who that person is.

9 It's not obvious to me that there's been any vetting of

10 who that person is. I don't have any confidence just based on

11 the lack of clarity of how this is going to be handled. That the

12 Defendant, Mr. Freitas, wouldn't be able to access those firearms

13 even if they were removed from the vicinity of the home that he

14 would be staying in.

15 So that continues to be a very significant concern of

16 ours, on top of all the concerns that we've already briefed in

17 our written memorandum.

18 The second point, Your Honor, is as the Pretrial

19 Services report itself recognizes, there is evidence suggesting

20 that a substantial amount of money was transferred from Mr. Miske

21 to Mr. Freitas. I don't see any explanation for what the purpose

22 of that money was. And it's, of course, not the case that Mr.

23 Freitas would have to inculpate himself in any way in this

24 proceeding, but he does have to provide the Court and Pretrial

25 with accurate financial information. The financial information

1  laid out in the Pretrial Services report does not seem to be

2  consistent with the fact that there is this record of large

3  financial transactions being sent from Mr. Miske to Mr. Freitas.

4          And given the nature of this case, given, in

5  particular, the charge against Mr. Freitas, which includes his

6  alleged participation in a chemical weapon attack on a nightclub,

7  at Mr. Miske's direction, I think that gives us some very serious

8  concerns, not just about flight risk, but also about safety.

9          Finally, Your Honor, I did, of course, want to flag the

10 presumption case because of the drug charge, and I wanted to just

11 clarify one thing.  I don't think this is a big issue, but I did

12 notice that in the Pretrial Service report on page 5, there is a

13 description of the Government's representation as being that Mr.

14 Freitas was involved in chemical weapon attacks, plural.

15         We believe his conduct is very serious, but I just

16 wanted to clarify.  Mr. Freitas is charged with a conspiracy in

17 Count 12.  Participate in chemical weapon attacks, but, like,

18 he's charged with having actually participated in just one.  As I

19 said, we believe that conduct is quite serious, but it was one

20 attack and not two.

21         THE COURT:  Okay.  Thank you, Mr. Smith.  So, yeah,

22 he's -- Mr. Freitas is charged in the conspiracy charges in

23 Counts 12 and 13, but you're telling me both of those relate to

24 just the March 4th, alleged attack?

25         MR. SMITH:  That's basically right, Your Honor.  So he

1 -- the logic is he conspired with Mr. Miske and others to engage

2 in chemical weapon attacks, and that's what's charged in the

3 conspiracy count, in Count 12. And then Count 13 charges a

4 substantive, which is to say he didn't just agree to carry out

5 chemical weapon attacks, he actually, himself, participated in

6 one of them. But there is some language on page 5, indicating

7 that he was a principal figure in the March 4th, chemical weapon

8 attacks on two nightclubs.

9          THE COURT: Uh-huh.

10          MR. SMITH: So I just wanted to clarify that he was a

11 principal figure in one of those attacks, against one nightclub.

12          THE COURT: Okay. I appreciate that clarification.

13 Thank you. All right. Mr. Wilkerson.

14          MR. WILKERSON: Yes, Your Honor. Thank you. Don

15 Wilkerson here. Your Honor, first of all, with regards to the

16 concern about the firearms, of course Mr. Freitas' father would

17 be able to supply the person's name, and address, and location

18 where the weapons would be located. If that is not enough for

19 the Court, then Mr. Freitas' father would be able and willing to

20 put those firearms in any safe location that the Court would feel

21 comfortable with.

22          With regards to the financial transactions, Your Honor,

23 and a flight risk, the only information I have with regard to

24 this case, so far, is just the information that's been provided

25 in the bail report and the superseding indictment. Reviewing

1   those two documents, Your Honor, the only financial transactions

2   that are mentioned are on page 5.  And I don't see an allegation

3   there that Mr. Freitas actually received any of that money.

4   There's an allegation that checks were written out to his name

5   and deposited somewhere, but there's -- despite, you know, almost

6   two years of -- one or two years of investigation, there's no

7   allegation that that money actually went to Mr. Freitas.  And

8   there's no indication, if it did, that Mr. Freitas had that money

9   at this point.

10          So anytime we have large transactions like this,

11  there's always that concern, but this did happen a long time ago

12  and there's no allegation that Mr. Freitas actually received the

13  money.

14          Your Honor, I believe the report made by the Pretrial

15  Services Office is complete.  It would afford Mr. Freitas the

16  opportunity to be free on bail, and I believe it would address

17  all of the Court's concerns.  So I would ask the Court to follow

18  the recommendation of Pretrial Services, Your Honor.

19          THE COURT:  Okay.  Thank you.

20          I have considered all of the information available to

21  me, including the indictment, the memo, and the proffers from the

22  Government, the report and recommendation from Pretrial Services.

23          It is a presumption case as noted, which means there's

24  a presumption that there are no conditions or combination of

25  conditions the Court can impose to negate the flight risk or

1    danger to the community posed by the Defendant.  And in

2    responding to that presumption, I think the Defendant argues and

3    Pretrial Services notes, is a very limited and uneventful

4    criminal history.  He also has strong family and community ties,

5    which weigh in his favor.

6            I do also, though, have to take into account the nature

7    and the circumstances of the charges alleged, and Mr. Freitas is

8    somewhat uniquely charged in Counts 12 and 13 only with two other

9    Defendants, Mr. Miske and Mr. Stancil, with conspiracy to use a

10   chemical weapon and to, in fact, use that chemical weapon on

11   March 4th, 2017, which is -- and it's very concerning to me.

12           And then the Government also proffers that a month

13   later, Mr. Miske's car was searched, and I believe HPD seized a

14   firearm, ammunition, and a liquor bottle containing chloropicrin,

15   which is alleged to be the chemical used in these attacks.

16           And so for those reasons, I find that the Defendant

17   cannot rebut the presumption in favor of detention because I

18   still believe, with all the information available to me, he is a

19   danger to the community, and given the charges alleged he is --

20   all of the charges, including the drug charges, he is a flight

21   risk.

22           So I will order that he be detained pending trial in

23   this matter.  Mr. Smith, if you would please prepare that order.

24           MR. SMITH:  Yes, Your Honor.

25           THE COURT:  Thank you.  Mr. Freitas, that concludes

1    your hearing this morning.  If you could return the phone to Ms.

2    Munatoa.

3              THE DEFENDANT:  Thank you.

4         (Proceedings concluded at 9:47 a.m.)

CERTIFICATE

I, Jessica B. Cahill, court approved transcriber, do hereby
certify that pursuant to 28 U.S.C. §753, the foregoing is a
complete, true, and correct transcript from the official
electronic sound recording of the proceedings in the above-
entitled matter and that the transcript page format is in
conformance with the regulations of the Judicial Conference of
the United States.

Dated: December 3, 2021

_____
Jessica B. Cahill, CER/CET-708