KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICHAEL NAMMAR
MICAH SMITH
MARK A. INCIONG     CA BAR #163443
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:   Michael.Nammar@usdoj.gov
        Micah.Smith@usdoj.gov
        Mark.Inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00099-03 DKW |
| | ) | |
| Plaintiff, | ) | MOTION TO DETAIN DEFENDANT |
| | ) | WITHOUT BAIL MEMORANDUM |
| vs. | ) | IN SUPPORT OF MOTION TO |
| | ) | DETAIN DEFENDANT KAULANA |
| KAULANA FREITAS,     (03) | ) | FREITAS |
| aka "Shorty," | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MOTION TO DETAIN DEFENDANT WITHOUT BAIL

Exhibit A

The United States hereby moves to detain defendant without bail, pursuant to 18 U.S.C. § 3142.

1.   Eligibility of Case.   This defendant is eligible for detention because the case involves (check all that apply):

|  |  |
|---|---|
| ____ | a.   Offense committed on release pending felony trial (3142(d)(1)(A)(i))* |
| ____ | b.   Offense committed on release pending imposition, execution, or appeal of sentence, conviction or completion of sentence (3142(d)(1)(A)(ii))* |
| ____ | c.   Offense committed while on probation or parole (3142(d)(1)(A)(iii))* |
| ____ | d.   A citizen of a foreign country or unlawfully admitted person (3142(d)(1)(B))* |
| ____ | e.   Crime of violence (3142(f)(1)(A)) |
| _X_ | f.   Maximum sentence life imprisonment or death (3142(f)(1)(B)) |
| _X_ | g.   10+ year drug offense (3142(f)(1)(C)) |
| ____ | h.   Felony, with two prior convictions in above categories (3142(f)(1)(D)) |
| ____ | i.   Felony not otherwise a crime of violence involving a minor victim (3142(f)(1)(E)) |
| _X_ | j.   Felony not otherwise a crime of violence involving the possession or use of a firearm, |

2



destructive device, or dangerous weapon
(3142(f)(1)(E))

____        k.      Felony not otherwise a crime of violence
involving a failure to register under 18 U.S.C. §
2250 (3142(f)(1)(E))

_X_        l.      Serious risk defendant will flee
(3142(f)(2)(A))

_X_        m.     Danger to other person or community **

____        n.      Serious risk obstruction of justice
(3142(f)(2)(B))

____        o.      Serious risk threat, injury, intimidation of
prospective witness or juror (3142(f)(2)(B))

*   requires "l" or "m" additionally

** requires "a," "b," "c," or "d" additionally

2.      <u>Reason for Detention.</u>   The court should detain

defendant (check all that apply):

_X_        a.      Because there is no condition or
combination of conditions of release which will
reasonably assure defendant's appearance as
required (3142(e))

_X_        b.      Because there is no condition or
combination of conditions of release which will
reasonably assure the safety of any other person
and the community (3142(e))

    ____      c.      Pending notification of appropriate court or official (not more than 10 working days (3142(d))

3.   <u>Rebuttable Presumption</u>.   A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community arises under Section 3142(e) because (check all that apply):

    <u>X</u>      a.      Probable cause to believe defendant committed 10+ year drug offense

    ____      b.      Probable cause to believe defendant committed an offense under 18 U.S.C. § 924(c)

    ____      c.      Probable cause to believe defendant committed an offense under 18 U.S.C. § 956(a) or 2332b

    ____      d.      Probable cause to believe defendant committed 10+ year offense listed in 18 U.S.C. § 2332b(g)(5)(B)

    ____      e.      Probable cause to believe defendant committed an offense involving a minor victim listed in 18 U.S.C. § 3142(e)

    ____      f.      Previous conviction for eligible offense committed while on pretrial release

4.      <u>Time for Detention Hearing</u>.   The United States requests that the court conduct the detention hearing:

    ____      a.      At first appearance

   <u>  X  </u>      b.     After continuance of <u> 3  </u> days (not more than 3)

5.     <u>Out of District Rule 5 Cases</u>.   The United States

requests that the detention hearing be held:

   <u>    </u>      a.     In the District of Hawaii

   <u>    </u>      b.     In the District where charges were filed

6.     <u>Other Matters</u>.

DATED:   July15, 2020, at Honolulu, Hawaii.

                             KENJI M. PRICE
                             United States Attorney
                             District of Hawaii


                             */s/ Mark A. Inciong*
                     By<u>                           </u>
                         MICHAEL NAMMAR
                         MICAH SMITH
                         MARK A. INCIONG
                         Assistant U.S. Attorneys

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00099-03 DKW |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION TO DETAIN DEFENDANT |
| vs. | ) | KAULANA FREITAS |
| | ) | |
| KAULANA FREITAS,    (03) | ) | |
| aka "Shorty," | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION
TO DETAIN DEFENDANT KAULANA FREITAS**

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

TABLE OF AUTHORITIES ................................................................................. i-ii

I.      PROCEDURAL AND FACTUAL BACKGROUND .................................. 2

II.     APPLICABLE LAW ................................................................................ 3

III.    DISCUSSION .......................................................................................... 5

        A.      FREITAS is a Danger to the Community ............................................. 5

                1.      The Nature and Circumstances of FREITAS's Offenses ........... 5

                2.      The Weight of the Evidence Counsels in Favor of Detention .... 7

                3.      Nature and Seriousness of Danger Posed by FREITAS ............. 8

        B.      FREITAS is a Flight Risk ....................................................................... 9

                1.      FREITAS Faces a 10-year Mandatory Minimum Sentence ....... 9

IV.     CONCLUSION ........................................................................................ 11

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                         <u>Page(s)</u>

*United States v. Aitken*, 898 F.2d 104 (9th Cir. 1990) .............................................. 4

*United States v. Christie, Crim. No. 10-00384-SOM*, 2010 WL 2900371
   (D. Haw. July 20, 2010) .................................................................................. 6

*United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) ..................................... 4

*United States v. Gebro*, 948 F.2d 1118 (1991) ........................................................ 7

*United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) ........................................... 6-7

*United States v. Hir*, 517 F.3d 1081 (9th Cir. 2008) ........................................... 3, 4

*United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985) ..................................... 4

*United States v. Perry*, 788 F.2d 100 (3rd Cir.) ....................................................... 6

<u>Statutes</u>

18 U.S.C. §§ 229(a)(1), (a)(2) and (a)(3) ................................................................. 2

18 U.S.C. § 1962(d) ................................................................................................. 2

18 U.S.C. § 3142(e) ............................................................................................. 3, 7

18 U.S.C. § 3142(e)(3)(A) ................................................................................... 3, 5

18 U.S.C. § 3142(f)(2)(B) ........................................................................................ 4

18 U.S.C. § 3142(g) ................................................................................................. 5

18 U.S.C. §§ 3142(g)(1)-(4) ............................................................................... <u>4</u>, 5

21 U.S.C. §§ 841(b)(1)(A), (b)(1)(C) and (b)(1)(D) ................................................ 2

i

<u>Statutes</u>-Continued                                                      <u>Page(s)</u>

21 U.S.C. § 846 ......................................................................................... 2

## MEMORANDUM IN SUPPORT OF MOTION
## TO DETAIN DEFENDANT KAULANA FREITAS

The United States of America respectfully submits this memorandum in support of its motion to detain Defendant KAULANA FREITAS, aka "Shorty," pending trial.  As alleged in the Superseding Indictment, and as the government proffers for purposes of a detention hearing, FREITAS was a member of the Miske racketeering enterprise which routinely committed violent crimes and assaults and used threats and intimidation to protect the illegal activities which enriched and furthered the interests of Miske, FREITAS and the enterprise.  In furtherance of the enterprise's objectives, FREITAS participated in and facilitated the distribution of controlled substances and was a principal figure in the March 4, 2017 chemical weapons attack that is the subject of Count 12 of the Superseding Indictment.  This conduct shows FREITAS is a clear and present danger to the community.

FREITAS faces a 10-year mandatory minimum term of imprisonment if convicted of Count 16 of the Superseding Indictment.  That alone renders FREITAS a flight risk.  Additionally, under the Bail Reform Act, that same drug charge invokes a presumption of detention as to both flight risk and danger to the community.

For all these reasons, which are discussed more fully below, the United States respectfully requests this Court to detain Defendant FREITAS without bail pending trial in this matter.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On June 18, 2020, a grand jury returned a sealed Superseding Indictment in CR. No. 19-00099 DKW charging FREITAS, Miske and nine other defendants with a number of federal offenses including their conspiring to participate in a racketeering organization.  In the Superseding Indictment, FREITAS is charged in four separate counts with:

- Participating in a racketeering conspiracy, referred to in the Superseding Indictment as the "Miske Enterprise," in violation of Title 18, United States Code, Section 1962(d) (Count 1);

- Conspiracy to use a chemical weapon, in violation of Title 18, United States Code, Section 229(a)(3), in connection with the release of chloropicrin into nightclubs in Honolulu (Count 12);

- Using a chemical weapon, in violation of Title 18, United States Code, Sections 229(a)(1) and 229(a)(2), in connection with the conspiracy to release chloropicrin into "Nightclub 1" (Count 13);

- Conspiracy to distribute:  (1) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; (2) five kilograms or more of cocaine; (3) a quantity of oxycodone; and (4) a quantity of marijuana, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D) (Count 16);

On July 15, 2020, FREITAS  was arrested and the Superseding Indictment was unsealed.

## II.   <u>APPLICABLE LAW</u>

Under the Bail Reform Act, a court must detain a defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

When a defendant is charged in a drug case in which the maximum sentence is ten years or more, there is a rebuttable presumption that there is no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(A). FREITAS is charged as such in Count 16 of the Superseding Indictment.

The defendant bears the burden of producing evidence to rebut that presumption.  *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  Even if the defendant satisfies that burden of production, the presumption does not vanish; instead, it "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."  *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).  The government retains the ultimate burden of persuasion by clear and

3

convincing evidence that the defendant presents a danger to the community, *see* 18 U.S.C. § 3142(f)(2)(B), and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight. *See United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)).

Section 3142(g) lists the following factors that a court must consider in determining whether detention is required:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance [or] firearm . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. §§ 3142(g)(1)-(4).

//

4

## III.   <u>DISCUSSION</u>

FREITAS is charged with a drug trafficking offense in Count 16 of the

Superseding Indictment which invokes the rebuttable presumption under Section

3142(e)(3)(A) that there is no condition or combination of conditions that will

reasonably assure the appearance of FREITAS and the safety of the community.

### A.   <u>FREITAS is a Danger to the Community</u>

The factors set forth in Section 3142(g) weigh strongly in favor of

FREITAS's pretrial detention on the grounds of dangerousness.

#### 1.   <u>The Nature and Circumstances of FREITAS's Offenses</u>

The charges against FREITAS include the trafficking of controlled

substances – an offense specified in Section 3142(g)(1) as indicative of detention.

While the chemical weapons charges may not be considered violent, per se, under

Section 3142(g)(1), they are certainly violent and alarming acts as a practical

matter.

The use and threat of violence was a signature of the Miske Enterprise as

evidenced in the Superseding Indictment which outlines the campaign of violence

waged by the Miske and the Enterprise on his rivals, competitors and innocent

members of this community over a period spanning years, if not decades.

FREITAS was a willing participant in this campaign in which he was one of the

primary figures in the March 4, 2017 chemical weapons attack charged in Counts 12 and 13 of the Superseding Indictment.

The drug charges in the Superseding Indictment relate to FREITAS's role in the Enterprise's involvement in the trafficking of controlled substances.  Text messages found on an Enterprise member's cellular phone show FREITAS and the member agreeing to a transaction for a quantity of oxycodone pills at $20 each.  In the Bail Reform Act, Congress declared that drug trafficking is a danger to the community.  *Sen. Comm. on Judiciary, Comprehensive Crime Control Act of 1983*, S. Rep. No. 98-225, 98th Cong., 1st Sess. 24, 25 (1983)(drug dealers engage in continuing patterns of criminal activity; they pose a "significant" risk of pretrial recidivism.) "Safety" as comprehended by the Bail Reform Act includes a reasonable assurance that drug dealing will not continue.  *United States v. Perry*, 788 F.2d 100, 12-13 (3rd Cir.), *cert. denied*, 479 U.S. 864 (1986).  "The distribution of drugs is a serious offense," and, indeed, "it is for this reason that the [Bail Reform] Act imposes a rebuttable presumption of danger to the community for certain drug related offenses ... ."  *United States v. Christie*, Crim. No. 10-00384-SOM, 2010 WL 2900371, at *4 (D. Haw. July 20, 2010).  *See also, United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) (holding that a district court could approve of a detention order based on a risk of dangerousness to the community

from the likelihood that the defendant would continue drug dealing if he were released pending trial).

FREITAS's drug activity falls squarely within the concerns contemplated both by the Bail Reform Act and 18 U.S.C. § 3142(e).  Coupled with the statutory presumption and the Enterprise's reliance on the cash obtained from drug trafficking, there is clear and convincing evidence that FREITAS poses a real and serious threat to this community based on the drug charge alone.

2.    The Weight of the Evidence Counsels in Favor of Detention

Although the Ninth Circuit has described the weight of the evidence as the "least important" factor in considering a motion to detain, *United States v. Gebro*, 948 F.2d 1118, 1121 (1991), the weight of the evidence here further supports detention.

The evidence against FREITAS and the Enterprise is very strong and includes*:* (i) forensic extractions of multiple cellular telephones used by members of the Enterprise; (ii) the grand jury testimony of dozens of witnesses including numerous cooperating defendants, several of whom have either already pled guilty or have agreed to do so in the future; (iii) the results of search warrants on email, cloud and social media accounts of Enterprise members; (iv) audio recordings of controlled purchases of drug transactions which transpired at KTPC; (v) court-

7

authorized Title III wiretap interceptions of wire and electronic communications on Enterprise members' cellphones; (vi) the results of search warrants executed at physical locations and on vehicles which resulted in the seizure of drugs, firearms, handcuffs, zip ties, police issued body armor, ski masks, a gun scope, ammunition, duct tape and chloropicrin, the chemical used in the charged nightclub attacks; and (vi) hours of physical and electronic surveillance conducted by law enforcement on Enterprise members.  These items corroborated, in many ways, the grand jury testimony of victims, civilian witnesses and cooperating defendants, many of whom the United States expects will testify at any trial against FREITAS and the Enterprise.

More specifically, FREITAS was the driver of a vehicle registered in his name that was searched by Honolulu police on April 6, 2017.  Police found and seized a firearm, ammunition and a liquor bottle containing chloropicrin from inside the vehicle.  Government witnesses described the bottle as the same type used to hold the chloropicrin released in the nightclub chemical weapons attacks in March 2017.

### 3.    Nature and Seriousness of Danger Posed by FREITAS

As discussed above, FREITAS has proven himself to be a danger to the community by the nature of the offenses he is alleged to have committed.  Like

every other factor this Court must consider, the nature and seriousness of the danger posed by FREITAS can only point to his detention.

**B.      FREITAS is a Flight Risk**

To start, narcotics trafficking, in general, poses a risk of flight as Congress has explained:

> Flight to avoid prosecution is particularly high among persons charged with major drug offenses . . . these persons have both the resources and foreign contacts to escape to other countries with relative ease . . . even the prospect of forfeiture of a bond in the hundreds of thousands of dollars has proven to be ineffective in assuring the appearance of major drug traffickers.

*S. Rep. No. 225, 98th Cong., 2nd Sess*. 12-12, reprinted in 1984 U.S. Code Cong. & Ad. News 3182, 3195-96, 3203.

As shown by FREITAS's participation in the Enterprise's drug distribution activity, FREITAS is the type of individual Congress contemplated when enacting this presumption of detention.

1.      FREITAS Faces a 10-year Mandatory Minimum Sentence

One of the biggest factors in assessing an individual's likelihood to flee is their sentencing exposure.  Here, FREITAS faces a 10-year mandatory minimum sentence if convicted of Count 16.  That alone renders FREITAS a flight risk when weighed against the low burden of proof applicable here - a preponderance of the evidence.

9

Furthermore, FREITAS is a cousin to Miske and that kinship along with his membership in the Miske Enterprise will likely give FREITAS access to Miske's vast financial resources.  MISKE may consider it money well spent to pay FREITAS to "go away" by fleeing prosecution and, thus, eliminate a possible witness against him.  Access to financial resources is at least as important as sentencing exposure in assessing flight risk.

A review of financial transactions conducted by Miske from 2010 through 2017 show Miske spent approximately $15,821,963 on major expenditures with nearly half of the amount unexplained income when compared to his filed tax returns for that same period.  In 2010, Miske purchased a 0.87 acre oceanfront property near Spitting Cave in Portlock for $2,235,000 upon which he built a lavish residence resulting in the property now estimated to be worth as much as $7,000,000.

Miske's current and recent financial situation shows more of the same. Miske has liquid assets readily available to assist FREITAS in the form of $392,926.14 in proceeds which are currently held in a local escrow account as the result of a sale of a real property in Kaneohe.  Miske can access those funds at any time subject to applicable tax obligations.  Miske has additional liquid asset sources as evidenced by his May 30, 2020 purchase of a 2017 Ferrari F12

10

Berlinetta for $219,000 with $217,000 cash down that was transferred from his KTPC savings account.  This access to cash has been further corroborated by a cooperating witness that Miske utilized trusted associates to secretly store large amounts of cash on his behalf.

Thus, Miske clearly possesses or has access to millions of dollars in assets - at least hundreds of thousands of dollars of which appear to be liquid or readily liquid – which he may be willing to divert to FREITAS to flee the jurisdiction and avoid prosecution.

## IV.    <u>CONCLUSION</u>

For all the foregoing reasons, the United States of America respectfully requests that this Court grant the motion to detain defendant KAULANA FREITAS pending trial as both a flight risk and a danger to the community.

DATED:  July 15, 2020, at Honolulu, Hawaii.

Respectfully Submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

*/s/  Mark A. Inciong*
By _____
   MICHAEL NAMMAR
   MICAH SMITH
   MARK A. INCIONG
   Assistant U.S. Attorneys

11

## Motions

1:19-cr-00099-DKW USA v. Miske, Jr., et al.

### U.S. District Court

### District of Hawaii

**Notice of Electronic Filing**

The following transaction was entered by Inciong, Mark on 7/15/2020 at 3:40 PM HST and filed on 7/15/2020

**Case Name:**          USA v. Miske, Jr., et al.
**Case Number:**      1:19-cr-00099-DKW
**Filer:**                   USA
**Document Number:** 24

**Docket Text:**
**MOTION to Detain *Defendant without Bail* by USA as to Kaulana Freitas. (Attachments: # (1) Memorandum in Support of Motion)(Inciong, Mark)**

**1:19-cr-00099-DKW-3 Notice has been electronically mailed to:**

Marion Percell     Marion.Percell@usdoj.gov, CaseView.ECF@usdoj.gov, Rowena.Kang@usdoj.gov, USAHI.ECFNarcotics@usdoj.gov

Mark A. Inciong     mark.inciong@usdoj.gov, CaseView.ECF@usdoj.gov, dawn.aihara@usdoj.gov, USAHI.ECFNarcotics@usdoj.gov

Micah W. J. Smith     Micah.Smith@usdoj.gov, CaseView.ECF@usdoj.gov, dawn.aihara@usdoj.gov, USAHI-ECFNarcotics@usdoj.gov

Michael David Nammar     michael.nammar@usdoj.gov, CaseView.ECF@usdoj.gov, janice.tsumoto@usdoj.gov, kari.sherman@usdoj.gov

**1:19-cr-00099-DKW-3 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=7/15/2020] [FileNumber=2824076-0
] [3eab34817c0e18d536090b9acae41b6cc9ae43c7286a72d4f5b7e8b02b85af793ea
a194552ce0cd506cdfd12941f6f8509606aeba7b985bccfb103cb2ec7b688]]
**Document description:**Memorandum in Support of Motion
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=7/15/2020] [FileNumber=2824076-1

] [a025fbabb60d5971b6ca4e872669a28182ce35dec51fa489afa27d272e9fb2afc91
d3a09ec0f1d6df3513fcc133d0dc495544dce3809f80c6b00922c95bfe286]]