IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PUBLIC FIRST LAW CENTER,<br><br>    Movant, | Case No. 26-mc-00112-DKW-KJM<br><br>**ORDER (1) GRANTING AND DENYING IN PART MOTION TO UNSEAL, (2) GRANTING IN PART MOTION FOR RECONSIDERATION, AND (3) UNSEALING, BUT REDACTING, CERTAIN FILINGS[1]** |

Public First Law Center (PFLC) moves to unseal two filings in Case No. 19-CR-99-3, *United States v. Kaulana Freitas*, and for reconsideration of an Order in this case sealing Kaulana Freitas' response to the motion to unseal.   Both the United States and Freitas oppose, at least in part, the motion to unseal.   The parties largely accept, however, the legal framework for this dispute: the filings in question should be unsealed absent a "substantial probability" of harm to a "compelling interest" and the lack of an alternative to sealing.

Accepting this framework, the Court finds that the two filings in Case No. 19-CR-99 and Freitas' response in this case should be unsealed *but* with limited redactions.   Specifically, for the reasons discussed further below, the redactions

---

[1]The Court elects to decide these matters without a hearing pursuant to Local Rule 7.1(c).

are necessary to protect patently compelling interests that likely would be harmed if full disclosure was to occur.   The motion to unseal, Dkt. No. 1, is, therefore, GRANTED and DENIED IN PART and the motion for reconsideration, Dkt. No. 12, is GRANTED IN PART, both solely to the extent set forth herein.[2]

## LEGAL STANDARD

The public has a presumed First Amendment right of access to criminal proceedings.   *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 604 (1982). "There is also a common law right to inspect and copy public records and documents, including judicial records and documents."   *United States v. Doe*, 870 F.3d 991, 996-997 (9th Cir. 2017).   The First Amendment, though, "is generally understood to provide a stronger right of access than the common law."   *Id.* at 997.

When the First Amendment right of access applies, which none of the parties—in particular, the United States and Freitas—appear to contend does not, it is the burden of the party seeking to seal or close a matter, such as a proceeding or filing, to present facts that show: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling

---

[2]Unless otherwise noted, citations to the record are to docket entries in this case, No. 26-mc-112-DKW-KJM.

interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998). The probability of harm must be shown by "specific factual findings," not "conclusory assertions alone." *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990). Direct threats, though, "are not a strict condition precedent to a district court's granting of a closure motion[.]" *Doe*, 870 F.3d at 999 (quotation omitted).

## **DISCUSSION**

Here, PFLC moves to unseal two filings in Case No. 19-CR-99-3[3] and for reconsideration of the sealing of Freitas' response to said motion to unseal. PFLC argues, *inter alia*, that these matters should be unsealed because Freitas' cooperation with the government is "no secret[]", "alternatives to complete closure must be exhausted before sealing[]", no threats "specific" to Freitas have been identified, and Freitas has failed to explain why "targeted redactions" would not protect his alleged concerns. Dkt. No. 1 at 9-10; Dkt. No. 12 at 4; Dkt. No. 13 at 5-11.

---

[3]The Court refers to these two filings, which are Dkt. Nos. 1809 and 1820 in Case No. 19-CR-99-3, as the "first document" and the "second document", respectively.

The United States partially opposes unsealing the two filings in Case No. 19-CR-99-3, arguing that information contained in the first document in particular is not available to the public and is of a highly sensitive nature relative to the safety of Freitas and his family.   Dkt. No. 6 at 5-9.   The government also asserts that, should partial unsealing of the first document be necessary, at least certain parts of the same should remain redacted, as should parts of the second document.   *Id*. at 10-12 & n.10.   Freitas also opposes unsealing the filings in Case No. 19-CR-99-3, arguing that sealing or partially redacting the same is necessary to protect Freitas and his family in light of the information contained therein.   Dkt. No. 9 at 3-4. Freitas too, however, acknowledges that "targeted redactions" "may be an alternative" to full sealing of the filings.   *Id*. at 4-5.

Upon review, the parties' positions are not as far apart as they may initially appear.   Specifically, all parties acknowledge that "targeted redactions" or partial sealing can protect the concerns that validly exist in this matter, while also protecting the First Amendment principles at issue.   *See* Dkt. No. 1 at 10; Dkt. No. 6 at 10-11 n.10; Dkt. No. 9 at 4-5; Dkt. No. 12 at 4; Dkt. No. 13 at 10.   The Court agrees.   Review of the filings in Case No. 19-CR-99-3 reflects that much of the same can be unsealed because the contents are not sensitive and/or are already in the public domain.

To the extent there is a difference in the parties' positions, *i.e.*, in the *degree* of the appropriate redactions, the Court finds that this difference is largely born from the fact that one of the parties—PFLC—is operating in the unknown as to the precise nature and contents of the filings at issue.   Of course, this is not of PFLC's doing, but it belies the suggestion that certain facts are "no secret."   While this may be true in a very general sense, it is evidently not true in the specific sense of the contents of the first and second documents, at least as it pertains to remote electronic access.[4]

Upon review of the same, the Court agrees with the United States and Freitas that redactions are necessary to protect legitimate and compelling interests of safety and privacy.   In particular, the Court finds relevant to this determination the following: the widespread, varied, and lengthy criminality at issue in Case No. 19-CR-99; the large number of individuals, charged and uncharged, involved in the same; the intimidation and assault of witnesses in Case No. 19-CR-99; and the particularly close connection between Freitas and other members of the criminal organization at issue in Case No. 19-CR-99.   *See Doe*, 870 F.3d at 998-999 (concluding that the case involved a "compelling interest" where the underlying

---

[4]As the Ninth Circuit observed in *Doe*, there are "grave threats faced…in the era of remote electronic access to court files…."   870 F.3d at 1001.

criminal proceeding involved a large, international drug-trafficking organization, the witness had lost drugs with a value of more than $500,000, the witness was involved in border crossings and delivery of drugs to numerous locations, the witness provided incriminating information while incarcerated, the witness provided information against others during a court appearance, and the witness was told that the criminal organization "knew where [his] family is."). Further, this Court, like familial members of the principal defendant, observed Freitas' testimony over three days in Case No. 19-CR-99, and has not forgotten the hostility directed toward Freitas.

As a result, the Court finds that, consistent with the First Amendment, much of the first and second documents should be unsealed. The same is true of Freitas' response to the motion to unseal. The Court is, therefore, not "clos[ing]" those documents. To serve the compelling interests of safety and privacy, however, redactions of the same are appropriate.[5] In that regard, concurrent with entry of this Order, the Court will also enter unsealed, but redacted, versions of the first and second documents in Case No. 19-CR-99-3 and Freitas' response to the motion to unseal in this case.

---

[5]These redactions represent an "alternative[] to closure" recognized by Ninth Circuit. *See Phoenix Newspapers*, 156 F.3d at 949.

6

## **CONCLUSION**

For the reasons and to the extent set forth herein, the motion to unseal, Dkt. No. 1, is GRANTED and DENIED IN PART, and the motion for reconsideration, Dkt. No. 12, is GRANTED IN PART.   The Clerk is instructed to enter this Order in this case and in Case No. 19-CR-99-3.

With all matters in this proceeding having been addressed, after entry of this Order, the Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated: June 22, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge